## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------ x
ANTON PEREVOZNIKOV,             :
                                :
        Plaintiff,              :
                                :
                                :
                                :
                                :
v.                              :
                                :  Civil No. 3:25-cv-273 (AWT)
JEREMY NASH,                    :
                                :
        Defendant.              :
                                :
                                :
                                :
                                :
------------------------------ X
```

### ORDER RE MOTION FOR SUMMARY JUDGMENT

For the reasons set forth below, the motion for early summary judgment filed by defendant Jeremy Nash, the former Acting Warden of the Federal Correctional Institution in Danbury, Connecticut (ECF No. 60) is hereby GRANTED.

### I.

On August 31, 2021, plaintiff Anton Perevoznikov was sentenced to 48-month term of imprisonment in the United States District Court for the Eastern District of Pennsylvania. On September 21, 2022, he was sentenced to an 18-month term of imprisonment in the United States District Court for the Eastern

District of New York, to be served consecutive to the sentence imposed on August 31, 2021. The plaintiff was designated to the Metropolitan Detention Center in Brooklyn, New York between October 5, 2021 and January 11, 2023. On January 11, 2023, the plaintiff was transferred to FCI Danbury.

The plaintiff filed this action in the Southern District of New York and, at the time he did so, he was incarcerated at FCI Danbury. On February 10, 2025, the Southern District of New York severed the plaintiff's claims related to his incarceration at FCI Danbury and transferred those claims to the District of Connecticut.

The defendant moves for summary judgment with respect to the claims related to the plaintiff's incarceration at FCI Danbury on the grounds that the plaintiff failed to exhaust his administrative remedies with respect to those claims.

## II.

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(a). See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994). Rule 56(c) "mandates the entry of summary judgment . . . against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

When reviewing the evidence on a motion for summary judgment, the court must "assess the record in the light most favorable to the non-movant . . . and draw all reasonable inferences in [the non-movant's] favor." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Delaware & Hudson Ry. Co. v. Consolidated Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990) (alteration in original)). Nonetheless, the inferences drawn in favor of the nonmovant must be supported by the evidence. The nonmoving party cannot simply rest on the allegations in its pleadings since the essence of summary judgment is to go beyond the pleadings to determine if a genuine issue of material fact exists. See Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).

Because the plaintiff is proceeding pro se, the court must read the plaintiff's pleadings and other documents liberally and construe them in a manner most favorable to the plaintiff.  See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Moreover, because the process of summary judgment is "not obvious to a layman," Vital v. Interfaith Medical Ctr., 168 F.3d 615, 620 (2d Cir. 1999) (internal quotation marks and citations omitted), the district court must ensure that a pro se plaintiff understands

the nature, consequences, and obligations of summary judgment. See id. at 620-21. Here, the defendant sent the plaintiff the Notice to Self-Represented Litigant Concerning Motion for Summary Judgment as Required by local Rule of Civil Procedure 56(b). See ECF No. 66.

### III.

Under the Prison Litigation Reform Act, prisoners cannot bring actions "with respect to prison conditions under . . . Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies only to an action 'brought . . . by a prisoner confined in any jail, prison, or other correctional facility.'" Jones v. Rodi, 2023 WL 2456703, at *5 (D. Conn. Mar. 10, 2023) (citing 42 U.S.C. § 1997e(a)). "Thus, the plaintiff's status is determined at the time the action is 'brought,' i.e., when the plaintiff files the initial complaint." Id. (citing Makell v. County of Nassau, 599 F. Supp. 3d 101, 108 (E.D.N.Y. 2022)). Here, the plaintiff filed the initial complaint on December 18, 2023 while he was confined at FCI Danbury.

The plaintiff's administrative remedy filing history shows he filed five requests for an administrative remedy while he was in federal custody. Local Rule 56(a)(1) Statement of Undisputed Material Facts in Support of Alternate Motion for Summary

Judgment (ECF No. 60-2) ¶ 5. Only one of those administrative remedies related to a concern about his conditions of confinement at FCI Danbury. That grievance was filed on March 28, 2023. In that grievance, the plaintiff requested that First Step Act credits be applied toward his term of incarceration beginning on the date his sentence was imposed. Id. ¶ 21. The plaintiff never filed a grievance related to the claims he now brings against defendant Nash in this court.

Therefore, the plaintiff is barred from proceeding with his claims against defendant Nash, and Nash is entitled to summary judgment.

**IV.**

For the reasons set forth above, defendant Jeremy Nash's motion for summary judgment is being granted. The Clerk shall enter judgment in his favor and close this case.

It is so ordered.

Dated this 27th day of January 2026, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge